OPINION OF THE COURT
Christine A. Sproat, J.
Petitioner moves for an order retaining venue in Dutchess County pursuant to Mental Hygiene Law § 10.06 (b). It is hereby ordered that the petitioner’s motion is denied.
In the instant Mental Hygiene Law article 10 proceeding, respondent J.I. served a notice of removal, in accordance with Mental Hygiene Law § 10.06 (b), for removal of the proceeding to Oneida County. Section 10.06 (b) permits a respondent to have an article 10 proceeding removed, without the necessity of a motion, by merely filing “a notice of removal to the county of the underlying criminal sex offense charges.” It is undisputed that Oneida County is “the county of the underlying criminal sex offense charges” in this matter. However, section 10.06 (b) also allows the Attorney General, after being served with a notice of removal, to make a motion to retain venue. The Attorney General must not only request such relief via motion, but miist also “show[ ] good cause for such retention.” (Mental Hygiene Law § 10.06 [b].)
A review of the evidence submitted to the court reveals that the petitioner has failed to establish the statutorily required good cause. The petitioner argues that the proceeding should not be removed because: “(1) the respondent J.I. currently housed at Fishkill Correctional Facility in Dutchess County and (2) for the convenience of the witness whose principle [sic] place of business is in New York County.” (Affirmation of Jeane L. Strickland-Smith, Esq. ¶ 2.) However, as stated by counsel for respondent, “If the State is permitted to show ‘good cause’ merely by arguing that the respondent is located in the State’s designated venue, the Legislature’s designation to the respondent to select the county of conviction as an alternative venue under MHL § 10.06 (b) would be meaningless.” (Affirmation of Rachael E. Seevers, Esq. ¶ 9.)
Further, petitioner’s argument that venue should be retained “for the convenience of the [outside consultant] witness” is also unavailing. In the instant matter, the petitioner retained a private psychologist consultant whose principal place of business is in New York County. Petitioner, the State of New York argues that since its private consulting psychologist has his *992 place of business in New York County, venue should not be moved to Oneida County. However, acceptance of this argument would effectively place the choice of venue entirely in the control of the State. In every article 10 proceeding the State could merely hire a private consultant from whatever county it chooses and then argue that venue must be placed in or near that county. As stated by respondent’s counsel,
“the Legislature has specifically allowed the respondent to [demand removal of] the Article 10 petition from the county of retention and select the county of conviction as an alternate venue; reliance on the convenience of a [retained private consultant] in Article 10 cases to determine the ultimate venue of the petition would eviscerate this option. This cannot possibly be what the Legislature intended.” (Affirmation of Rachael E. Seevers, Esq. ¶ 19.)
The inconvenience of the State’s retained consultant in having to travel to Utica, New York (Oneida County) as opposed to Poughkeepsie, New York (Dutchess County) is inadequate to establish good cause for the retention of venue. (See also, State of New York v W., Sup Ct, Dutchess County, Index No. 2282/2007; State of New York v C., Sup Ct, Wyoming County, Index No. 38526/2007.)
Accordingly, it is hereby ordered that, pursuant to Mental Hygiene Law § 10.06 (b), the above-captioned proceeding is transferred to the Supreme Court, Oneida County, the county of the underlying criminal sex offense charges.